IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY BOYKINS, #107120, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03-CV-670-A |
| ) | WO |
| ) | |
| GWENDOLYN MOSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 16, 2005, the plaintiff, Gregory Boykins ["Boykins"], filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i), *Federal Rules of Civil Procedure*. In this notice, Boykins states that immediate dismissal of this case without prejudice is appropriate as there has been no "service by the adverse party of an answer or of a motion for summary judgment . . ."

Upon review of the documents filed by the parties, the court concludes that this case is due to be dismissed in accordance with the notice of dismissal filed by Boykins.

## I. DISCUSSION

"Rule 41(a)(1)[(i)] permits a plaintiff to dismiss voluntarily an action without prejudice *without* first seeking leave from the court as long as the defendant has not yet

filed either an answer or a motion for summary judgment, whichever occurs first." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis in original). "It is well established that Rule 41(a)(1)(i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. *Pilot Freight Carriers, [Inc. v. International Brotherhood of Teamsters*,] 506 F.2d [914,] 916 [(5th Cir. 1975)] ('Rule 41(a)(1) means precisely what it says.'); *Williams [v. Ezell],* 531 F.2d [1261,] 1264 [(5th Cir. 1976)] ('The court had no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right.'); *Carter v. United States,* 547 F.2d 258, 259 (5th Cir.1977) ('As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion.'); *Exxon Corp. v. Maryland Cas. Co.,* 599 F.2d 659, 661 (5th Cir.1979) ('Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court.'). The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no

action by the district court."); *see also Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir.1996) (holding that a voluntary dismissal "'render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought'") (internal quotation marks omitted)).[1]

A thorough review of the documents filed by the defendants reveals that no answer or motion for summary judgment has been filed in this case. Thus, in accordance with the provisions of Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, the court concludes that this case is subject to immediate dismissal on the plaintiff's notice of dismissal.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed pursuant to the notice of dismissal filed by the plaintiff on August 16, 2005.

It is further

ORDERED that on or before September 5, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties

---

[1] Although no action is required by this court to effectuate dismissal under Rule 41(a)(1)(i), the court deems issuance of this Recommendation essential to the appropriate dismissal of this cause of action.

are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of August, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE